IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02605-MSK-MJW

KIM ANDREWS,

Plaintiff,

v.

THE GEO GROUP, INC.,

Defendant.

---

**ORDER REGRADING
DEFENDANT'S MOTION FOR RULE 35 EXAMINATION OF PLAINTIFF
(DOCKET NO. 59)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Motion for Rule 35 Examination of

Plaintiff (docket no. 59).  The court has reviewed the subject motion (docket no. 59) and

the response (docket no. 64) thereto.  In addition, the court has taken judicial notice of

the court file and has considered applicable Federal Rules of Civil Procedure and case

law.  The court now being fully informed makes the following findings of fact,

conclusions of law, and Order.

The case is an employment case.  The Plaintiff is a former employee of

Defendant The GEO Group, Inc.  In the Complaint, Plaintiff asserts claims for race

discrimination and retaliation under Title VII and 42 U.S.C. § 1981, denial of reasonable

accommodation and retaliation under the Americans with Disabilities Act ("ADA"), 42

2

U.S.C. § 1211(8), wrongful termination in violation of public policy, and outrageous conduct.  Plaintiff seeks damages for front pay, back pay, and compensatory and consequential damages.  In particular, Plaintiff seeks damages for loss of employment benefits, non-pecuniary damages for emotional distress, humiliation, and pain and suffering arising from the alleged disparate treatment based upon her race and Defendant's failure to accommodate in violation of the ADA, punitive damages, attorney fees, legal expenses, and costs.  Lastly, Plaintiff seeks all other appropriate legal and equitable relief.  See Complaint [prayer for relief] (docket no. 1) and Rule 16 Scheduling Order [paragraphs 2, 3 and 5] (docket no. 17).

Defendant has denied all of the Plaintiff's claims outlined in her Complaint. Defendant specifically denies that: (1) there existed a racially-hostile work environment; (2) Plaintiff suffered discrimination; (3) it discriminated against Plaintiff; (4) it terminated Plaintiff based upon race discrimination; (5) it retaliated against Plaintiff; (6) it violated the ADA; (7) it wrongfully retaliated against and terminated Plaintiff in violation of the ADA; and (8) it wrongfully terminated Plaintiff in violation of public policy.  Defendant also denies that its conduct caused Plaintiff to suffer a loss of back pay and front pay, non-pecuniary damages, including but not limited to, emotional pain and suffering, mental anguish, anxiety, depression, and loss of enjoyment of life.  See Answer (docket no. 14) and Rule 16 Scheduling Order [paragraph 3] (docket no. 17).

In the subject motion (docket no. 59), Defendant seeks an Order from this court directing Plaintiff to undergo a second Fed. R. Civ. P. 35 examination ("IME").  In particular, Defendant requests that Plaintiff undergo an IME with Margot Burns, who is a vocational and life care planning consultant and is qualified to conduct vocational

interviews and administer vocational written tests.  Defendant requests that Plaintiff

undergo a vocational interview and complete a vocational written test administered by

Margot Burns.  Defendant is not requesting that Plaintiff undergo a physical

examination.

Plaintiff objects to the IME on the grounds that Plaintiff has already gone through

an IME with Defendant's psychiatrist expert Robert E. Kleinman, M.D. , P.C., and

because the parties had agreed to only one IME.  Plaintiff further argues that both the

vocational interview and the vocational written tests by Margot Burns are unnecessary

and that Defendant is attempting to manufacture impeachment evidence by requesting

identical discovery from the Plaintiff in multiple formats.  Lastly, Plaintiff argues that

Defendant has failed to demonstrate good cause for a second IME.  Accordingly,

Plaintiff argues that the subject motion (docket no. 59) should be denied.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.  That I have jurisdiction over the subject matter and over the parties

to this lawsuit;

2.  That venue is proper in the state and District of Colorado;

3.  That each party has been given a fair and adequate opportunity to

be heard;

4.  That Plaintiff seeks damages for front pay, back pay, and

compensatory and consequential damages.  In particular, Plaintiff

seeks damages for loss of employment benefits and non-pecuniary

damages for emotional distress, humiliation, and pain and suffering

4

arising from the alleged disparate treatment based upon her race and Defendant's failure to accommodate in violation of the ADA, punitive damages, attorney fees, legal expenses, and costs.  Lastly, Plaintiff seeks all other appropriate legal and equitable relief.  See Complaint [prayer for relief] (docket no. 1) and Rule 16 Scheduling Order [paragraphs 2, 3 and 5] (docket no. 17);

5.    That in Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964), the Supreme Court stated that Rule 35 "require[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." The burden of demonstrating good cause rests with the moving party.  See Doe v. District of Columbia, 229 F.R.D. 24, 26 (D.D.C. 2005).  The requirement of good cause is not a formality; the court must genuinely balance the need for the information with the right to privacy and safety of the party.  See Schlagenahuf, 379 U.S. at 118.

Rule 35 states that the examination may be conducted by a suitably licensed or certified examiner.  Fed. R. Civ. P. 35(a)(1). When permanent injuries are claimed or under other appropriate circumstances, the court may allow a second examination just before trial.  See Galieti v. State Farm Mut. Auto. Ins. Co., 154

F.R.D. 262 (D. Colo. 1994).  A stronger showing of cause is usually required for a second examination.  <u>Furlong v. Circle Line Statue of Liberty Ferry, Inc.</u>, 902 F. Supp. 65, 70 (S.D.N.Y. 1995);

6.     That in this case, Plaintiff has brought multiple claims seeking multiple damages as outlined above.  In particular, Plaintiff has alleged an ADA claim.  Plaintiff has disclosed Helen Woodard, an occupational and vocation rehabilitation counselor, as one of her experts.  See exhibit A attached to the subject motion (docket no. 59).  It is expected that Ms. Woodward would testify that: (1) Plaintiff is disabled under the ADA; (2) Defendant failed to engage in the interactive process with Plaintiff; (3) Defendant could have reasonably accommodated Plaintiff; and (4) Defendant improperly defined the essential functions of the job.  In addition, it is expected that Ms. Woodard will testify that Plaintiff has had and will continue to have difficulty finding employment for similar compensation and benefits.

In order to prove an ADA claim, Plaintiff must prove that she could have performed the essential functions of the detention officer position.  <u>See</u> <u>White v. York Intern. Corp.</u>, 45 F.3d 457, 361 (10th Cir. 1995) (elements of ADA claim).  Defendant disputes that Plaintiff could have performed the essential functions of the detention officer position and that there was no reasonable

accommodation.  Therefore, Plaintiff's qualifications for employment as a detention officer is squarely in dispute, and Plaintiff has placed her vocational status in controversy since she claims that she was qualified for and able to perform the essential functions of the detention officer position.  See Douris v. County of Bucks, 2000 WL 1358481 (E.D. Penn. Sept. 21, 2000) (Rule 35 examination was ordered with vocational expert on the defendant's motion where the plaintiff brought ADA claim and claimed that he could perform the essential functions of the position).  Further, Plaintiff has alleged that she has suffered severe emotional distress, humiliation, and pain and suffering which are work-related and caused by Defendant.  Plaintiff has placed her mental condition and her vocational capabilities "in controversy."  See Complaint (docket no. 1) and Rule 16 Scheduling Order (docket no. 17);

7.     That Defendant has demonstrated, in the subject motion (docket no. 59), a strong showing of necessity and "good cause" for the additional IME.  Defendant further has demonstrated that Plaintiff has placed "in controversy" whether Plaintiff has suffered severe emotional distress, humiliation, and pain and suffering which are work-related and caused by Defendant as well as Plaintiff's vocational capabilities; and

8.     That Margot Burns,  who is a vocational and life care planning consultant, is qualified to conduct a vocational rehabilitation IME

7

examination/interview.  <u>See</u> exhibit B, vitae for Margot Burns

attached to the subject motion (docket no. 59).  Ms. Burns'

examination of Plaintiff will consist of a two- or three-hour in-person

verbal interview of her and possibly a written vocational test, but

there would be no physical examination.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this

court **ORDERS**:

1. That Defendant's Motion for Rule 35 Examination of Plaintiff
   (docket no. 59) is **GRANTED**;

2. That Plaintiff shall undergo a vocational interview and vocational
   written tests with Margot Burns.  The vocational interview and
   vocational written tests shall take place at Margot Burns' office.
   Defendant shall pay the cost for such interview and tests;

3. That the parties shall forthwith meet and confer and clear a date
   and time for such interview and tests with Margot Burns.  The
   interview and tests shall be completed by December 30, 2011, and
   the discovery cut off date is extended in the Rule 16 Scheduling
   Order to December 30, 2011, for the limited purpose of completing
   the interview and tests with Margot Burns; and

4. That each party shall pay their own attorney fees and costs for this
   motion.

8

Done this 29th day of November 2011.

BY THE COURT


s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE